IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAYFORD PERRY | § | |
| v. | § | CIVIL ACTION NO. 6:07cv140 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Rayford Perry, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Perry's original complaint asserted that he had been denied a legal visit with an inmate named Theodore Simmons, which he needed because he was pursuing another lawsuit against TDCJ officials for conspiring to arrange a marriage between himself and an officer named Sherry Courtney. *See* Perry v. Livingston, et al., civil action no. 5:06cv81 (E.D.Tex.). He was told in grievances that the legal visit would be allowed, but it never was; as a result, he says that he was prevented from defending against the motion for summary judgment filed in his lawsuit.

Perry stated that he was suing the University of Texas Medical Branch because the medical professionals "exercise their judgment on behalf of the State." He says that a nurse told him that she hoped he would have a heart attack and die, and that if she could, she would "drug him up" until he died. He said that he had been the victim of some unspecified retaliation and that the defendants' actions violated prison rules and regulations.

The Magistrate Judge ordered Perry to file an amended complaint, which he did. This amended complaint named Anthony Holmes as a named defendant, complaining that Holmes had denied him the legal visit with Simmons. He says that he has been subjected to unspecified harassment and retaliation and argued that, in signing his grievances, prison officials waived the Eleventh Amendment immunity to suit on the part of TDCJ and the University of Texas Medical Branch.

On April 12, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that Perry's primary claim, that he was denied a legal visit with Simmons, is without merit because the Fifth Circuit has held that inmates have no constitutional right to face-to-face legal visits with one another, nor is there a constitutional right to assistance from any particular inmate. Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Hence, Perry failed to show a constitutional violation in the fact that he did not get a visit with Simmons.

The Magistrate Judge next noted that Perry failed to offer any specific facts in connection with his claims of retaliation, and so these claims are without merit. In addition, the Magistrate Judge said. Perry failed to set out any of the elements of a retaliation claim, in that he did not show an intent to retaliate, a retaliatory adverse act, or causation. *See* Woods v . Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

While Perry alluded to threats he received from a nurse and a correctional officer, the Magistrate Judge said that he did not name the individuals who threatened him as defendants, and that mere threats do not set out constitutional violations in any case. Finally, the Magistrate Judge observed that the Texas Department of Criminal Justice and the University of Texas Medical Branch, as agencies of the State of Texas, have Eleventh Amendment immunity from suit. Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). The Magistrate Judge rejected Perry's novel contention that the fact that his grievances were signed by prison officials amounts to a waiver of Eleventh Amendment immunity on the part of the state agencies. *See also* Port Authority

Trans-Hudson Corp. V. Feeney, 495 U.S. 299, 305-06 (1990) (courts will give effect to a State's waiver of Eleventh Amendment immunity only where stated by the most express language or by the most overwhelming implication from the text as will leave no room for any other reasonable construction). The Magistrate Judge therefore recommended that Perry's lawsuit be dismissed with prejudice.

Perry filed objections to the Magistrate Judge's Report on April 25, 2007. These objections argue that the denial of the legal visit with Simmons was an act of conspiracy and retaliation to prevent him from proving his case in the other lawsuit. He argues the merits of his other lawsuit, and asserts that the Supreme Court has held that prisons cannot prevent inmates from assisting one another. He says that Holmes refused to schedule his legal visit and offered no alternative forms of legal assistance, and thereby prevented him from defending the motion for summary judgment.

Perry refers to a life endangerment grievance which he filed, in which he says that it was documented that Holmes was attempting to retaliate against him; he also says that this grievance documented the fact that his "marriage" with Officer Courtney was somehow arranged through "bogus disciplinary cases." Perry also says that the fact that his grievances were signed verifies all of his allegations.

Perry's objections are without merit. As the Magistrate Judge said, there is no constitutional right for inmates to have face-to-face legal visits, nor to obtain legal assistance from particular inmates. His other lawsuit, postulating that a marriage was arranged through false disciplinary cases between himself and an officer, was patently frivolous, and so Perry has failed to show that he was deprived of a constitutional right in connection with it, including his right of access to court. *See* Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996). Neither has Perry shown that the fact that prison officials signed his grievance amounts to a waiver of the Eleventh Amendment immunity of state agencies, nor that these signatures verify his allegations.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint and amended complaint, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b)(1). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 31st day of May, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**